Judge Roane
delivered the following opinion of this court.
The court is of opinion, that, under the true construction of the act concerning the grant of letters of administration, it is the duty of the court applied to, after deciding who is' entitled to the administration, to go on and perfect its judgment, by prescribing the amount of the bond to be given by the pei’son obtaining the same, and also by deciding upon, the sufficiency of the security offered ; unless ih'is last, and the giving the security pursuant thereto, shall, by praying and obtaining an appeal, be' rendered superfluous and unnecessary, until after the final disposition thereof; a point on which the court does not now deem it necessary to give any decisive opinion.
The court is farthér of opinion, that this essential member of;the judgment being wholly wanting in the judgment of the court of Hustings now before us, as appears from the record, and that judgment being only, that administration on the estate of J. C. 'Hubner, be granted to the appellant, the same did not authorize the appeal taken therefrom by the appellee, and that the said appeal ought to have been dismissed by the Superior Court, as having been prematurely and improvidently granted. The court' is sensible that there may have been many cases, in which an objection like *423 the present, may have lain, and has not been taken ; and, in particular, the case of Cutchin v. Wilkinson is recollected, in which there was a similar defect in the judgment: but the objection was not taken by the court or counsel in that case. The court therefore considers, that, as to this point, that case passed sub silentio, and consequently fotms no authority in bar of the present judgment of this court, in this particular.
The court is- farther of opinion, that, as it appears from the record of the judgment of the Hustings court, that the appellee, as attorney in fact for certain creditors of the intestate, appeared and opposed the motion, that circumstance exalts him beyond the condition of a mere volunteer, or amicus curia, and enabled him, as acting for those concerned in interest, to oppose the pretensions of the appellant: but at that point, so far as we are informed by the record, the claim or pretension of the appellee stopped. We are in no manner informed, by that record, that the appellee moved for the administration himself, or was willing to accept it. The court will not be technical or critical in requiring a cross motion to be formally entered : but it will require some evidence from the record, that such motion was substantially submitted to the court below. While it will not be satisfied without any evidence whatever existing of record, of such motion having been made, any evidence to that effect, however irregular, will be satisfactory : for example, as in the said case of Cutchin v. Wilkinson, where, although the record does not aver the existence of Cutchin's motion for the administration, the existence of that motion will be inferred from the fact of the administration having been granted to, him by the County Court, as appears of record : or as in the case of M‘Candlish v. Hopkins,(a) where the non-averment, in the body of the record, of M‘Candlish's motion, is supplied by the bill of exceptions, which refers to it as apart of itself, But, in the case before us, the record, as to this point, is entirely naked. There is nothing from which it can be inferred, that, in the court of Hustings, the appellee moved for, or was willing to accept the administration ; or did more than object to the sufficiency, or propriety, of the appellant *424 as the administrator. There is nothing shewing that the sufficiency or competency of the appellee for the administration in question, was affirmed by him, or opposed on the part of the appellant. In that court, then, as far as we can judge from the record, the appellant, Bohn, was wholly without a competitor, except to refute objections made to his competency : there was no creditor, or representative of a creditor1, brought into comparison with him. He was as if there had been no next of kin, or creditor, in existence, to contend with him, (for de non apparentibus et non existentibus eadem est ratio,) and must succeed, unless it was shewn (which it is not,)' that he was wholly unfit for the function in question. The state, of the contest in the court of Hustings, therefore, was that of a mere objection to the appellant, which it was sufficient for him to repel: it was not made necessary for him, e converso, to object to the claim of the appellee, (for no such claim was made,) or to contrast his pretensions with those of the appellee. This was the state of the contest in the Hustings Court, and was also alone the state of the controvei’sy in the Supei’ior Court, when applied to in its appellate character. Ifthe appellee had chosen to have deserted his appeal in that court, and had been at liberty to have made his motion, de novo, as in a court of original jurisdiction, he might have given what shape he pleased to the controversy : he might, by moving the last mentioned court to grant him the administration, have legalized the evidence subsequently-spread upon the record : he might thus have made.his demand or claim co-extensive with the proofs in the cause, and have justified a judgment in his. favour. But it was not in this character that this controversy came before the Superior Court: it was only in its appellate character that it was applied to, and that court could only know, from the record, what questions were, in fact, tried in the court below, and which only [although upon nena evidence,) were submitted to its revisal. As to the extent and character of the questions discussed in the court below, these were not only to be inferred from the record,alone, but such inference was to be made anterior to entering upon the evidence in the appellate *425 court. These questions were so little capable of being extended by the testimony subsequently offered in the appellate court, that they formed a conclusive objection against the reception of such ulterior testimony. All testimony of this last character must be entirely excluded, so long as the case preserves its appellate character. It is essential to such character, that the questions tried in both courts should be precisely the same. As to this particular case, the appellee may have been injured by the defect of the record in this particular : if so, it is owing to his negligence, and may possibly be his misfortune ; but this omission precludes the appellate court from departing from those land marks, by which its authority is clearly limited and bounded.
On these grounds, the court is of opinion, that the judgment of the superior court is erroneous in granting administration to the appellee, who had never applied therefor, at least in the court whose judgment was then in revision, and, in giving a decision for the court below, which that court ought not to have given, (whatever might have been the evidence in the superior court,) because it did not judicially appear to that court that the party succeeding therein had claimed or demanded the administration in the court below.
The court is farther of opinion, as before mentioned, that the judgment of the superior court is erroneous in sustaining the appeal thus prematurely and improvidently brought up, as aforesaid. The judgment of this court, then, reverses that of the superior court, for both the causes aforesaid, and dismisses the appeal with costs: — and here the court might with propriety stop. The court, however, for the purpose of preventing future litigation, has no hesitation to say, — that it sees nothing proved in this cause impeaching the fitness of the appellant for the administration, the only point properly in controversy; and, far less does it see that, on the merits, the appellees should succeed, had he moved in the court of Hustings to obtain the administration. The creditors, whom the appellee professed to represent, are not the creditors of the intestate, but of Bohn *426 and Hubner, if at all: — they are absent beyond sett, a ciiM cumstance of disqualification recognised by our laws, and by the decisions of our courts : — and, if this right, not properly exercisable by them in person, can be delegated to a person resident here, it ought to apply to the particular case, and be devolved after the right to administer had accrued ; — whereas, the appellee has no pretensions, but under a general power of attorney, granted long before the death of the intestate in question.
For these, among other reasons, the court is also of opinion, that, upon the merits, the appellant is entitled to the administration.
Judgment of the superior court of law reversed; and, this court proceeding to give such judgment as the said superior court ought to have given, it is ordered that the appeal from the judgment of the Hustings court be dismissed, with costs; and that the cause be remanded to the said superior court of law, and, from thence, to the Hustings court, that the judgment of the said Hustings court may be perfected, by requiring bond and security of the appellant for the faithful administration of the estate of the said Hub» ner.

 Decided N°N 14th> ported.

 Lee v. Turberville, 2 Wash 162.