Baldwin, J.
delivered the opinion of the Court.
The authority of the County Courts to establish public roads, is a branch of their police jurisdiction, conferred for the benefit of all the citizens of the county, and to be exercised at the common expense, out of the revenue derived from the county levy. The use, convenience *269 and advantage of the public, contemplated by the law, , . . . - , r , . are benefits arising out of the aggregate of such improvements, to which each particular road so established contributes in a greater or less degree. But no limitation upon the power of the Court, in regard to any proposed road, is to be found in the degree of accommodation which it may extend to the public at large. That is a matter which addresses itself not to the authority, but the discretion of the Court. It cannot be predicated of any particular road that it will be of direct utility to all the citizens of the county. It may accommodate in travel and transportation but a small neighbourhood, or only a few individuals. Still, when established, it may be used at pleasure by all the citizens of the county or country; and the public is interested in the accommodation of all the members of the community.
The true limit to the authority of the Court is in the purposes for which the road is to be employed. Any person or persons may apply to the Court to have a new road opened, or a former one altered, within the county, for the purpose of travelling to the county courthouse, or to any public warehouse, landing, ferry, mill, coal mines, lead or iron works, or to the seat of government. A terminus of the proposed road must therefore be at some place of the description above mentioned, or in an already established road leading thereto; but the other terminus may be at any place, whether public or private, of any description. And if the road be established, it may thereafter, by the authority of the Court, be extended from time to time, either continuously or from lateral points, so as to embrace in the accommodation an additional number of persons, or even a single individual.
No individual, it is true, has the privilege to demand as a matter of peremptory right, the establishment of a road, however important it may be to him as a matter of convenience, or even of necessity: but this is equally *270 true of any number of individuals. Subject to the restriction above designated (and others not pertinent to this enquiry), the whole subject of opening, extending and altering roads lies within the sound discretion of the Court, whose duty it is to look to all the circumstances, whether of a general or limited nature, belonging to any particular case. It is proper for the Court to consider the necessities of the applicant or applicants in regard to such an accommodation, the extent to which it may be productive of convenience or inconvenience to other individuals, the direct or indirect advantages or disadvantages that may ensue to the public at large, the resources of the county properly applicable to such improvements, and the amount of the requisite expenditure. And if, under all the circumstances, it be just and reasonable that the road be established, it is not a proper ground for reversing the order to that effect, that only a single citizen and his family will be thereby accommodated. It redounds, in some degree, to the interest of the public that all the citizens who compose it should be so accommodated; and there is no principle upon which the wants and necessities of one individual must be imperatively rejected, which would not be applicable to two or three, or a dozen, or any given number short of the whole or the greater part of the community.
In the present case, there is nothing to indicate that the County Court, in establishing the road in question, transcended its authority, or exercised its discretion improperly. It appears that the road is requisite to enable the applicant to travel to the courthouse of his county, and other public places contemplated by the law; that it will occasion no inconvenience to the appellant, for which he will not be compensated by the damages assessed in his favour; that none will be sustained by other individuals, or the rest of the community; and that the expense to be incurred by the county is of but trivial amount.
*271 We deem it unnecessary and improper to enquire, whether the applicant was entitled to a private way of necessity through the land of the appellant, and if he was, what effect such right ought to have upon the merits of the case. No such right appears to have been conceded, nor any accommodation of that nature proffered, by the appellant to the appellee; and it would seem that no such ground of defence was assumed in the Courts below.
As to the supposed imperfections in the report of the viewers, they need not be noticed, except for the purpose of saying that the objection ought to have been made in the County Court, by a motion to set aside the report.
There is no error to the prejudice of the appellant in the authority given to the appellee to open the road as established. If properly opened, it is immaterial to the appellant whether it be done by the appellee or the surveyor ; and if improperly done, whether by the one or the other, he will be entitled to the same redress.
It seems, therefore, to the Court, that there is no error in the judgment of the Circuit Court affirming that of the County Court.
Brooke, J. concurred in affirming the judgment.
Affirmed with costs.