Moncure, P.
delivered the opinion of the court.
This is a supersedeas to a judgment of the Circuit' court of Carroll county, affirming a judgment of the County court of said county, establishing an alteration in a public road. The proceedings in the case were, in substance, as follows:
On the 5th of October 1868, on motion of William C. Thornton and James B. Crockett, viewers were appointed by the County court, to view the proposéd alteration and return their report to the court. „
*166 On the 6th of January 1869, the viewers-returned! their report; and it appearing that A. II. Mitchell, through whose lands said road will pass, if .altered as-proposed, objected to the location of the same through ianctsJ au<t claimed damages therefor, it was ordered that he be summoned to appear on the first day of the next term to siiow cause why such alteration should not be made ; which summons was accordingly awarded and executed.
On the 1st of February 1869,- said Mitchell appeared in obedience to the summons, and entered himself as-contestant to the application ; and on his motion, a writ .of ad quod damnum ivas awarded.
The writ was accordingly issued, and an inquest was taken and returned in pursuance thereof; in which inquest, the jury stated that the proposed alteration would be of no damage to said Mitchell if his land were taken therefor as proposed.
On the 4th of August 1869, the case came on to be heard, and sundry witnesses being examined,.and the court having fully- considered, as w’ell the report of the viewers and the inquest of the jufy, as the evidence adduced, was of opinion, that the said alteration should be made and established ; w7hich was accordingly ordered : and the applicants, Thornton and Crockett recovered their costs of Mitchell. Whereupon, the said Mitchell took an appeal, as of right, from the said judgment of the Comity court to the Circuit court.
On the 27th day of the same month, August 1869, the cause was docketed in the. Circuit court, and continued; aud on the 9th of September 1870, it came on to be heard in that court. But before the opening of this case upon its merits, sundry motions were made by the appellant, Mitchell, and overruled by the court. He moved as follows, to wit:
1st. To quash the order made by the County court appointing viewers;
*167 2dly. To quash the report of the viewers.
3rdly. To quash the writ of ad quod damnum, and the inquest of the jury returned in obedience to the same.
4thly. To set aside the verdict of the inquest, upon ' the ground that the same was made and founded in mistake and misapprehension ; and also upon the ground that one of the jurors was related to the wife of Crokett; one of the appellees : and the appellant offered witnesses to prove these facts. This motion, with the others, was overruled, on the ground that the record showed no objections to either the order, report of viewers, or the inquest of the jury, having been made in the County court. Thereupon, the parties announced themselves ready ; and the court held that the appellant should begin his case ; and a witness was introduced by him, and the questiou asked, “what damage the appellant -would sustain if the alteration of the road -was established as proposed ? ” Upon objection, this question was not permitted by the court to be answered; on the ground that the inquest of the jury was conclusive on the question of damage. The appellant then moved the court to set aside the inquest of the jury, on the ground of evidence discovered since the appeal ivas granted; and introduced a witness to sustain the motion ; but the court overruled it, and refused to hear the witness. And, thereupon, came sundry witnesses for each party, who being sworn and fully heard, and all the circumstances being considered, the court was of opinion that there was no error in the judgment of the County court, and affirmed the same with costs. And the court certified that all the testimony heard was upon the question of the convenience or inconvenience, to the public as well as individuals; and that the court refused to hear testimony on any other question, in reference to establishing said altei’ation, and excluded all the testimony offered by the appellant to prove that he sustained damage by such alteration, and *168 refused to permit him to prove that he sustained such damage. This certificate was*given, that it might have th*^ eff’ect a bill of exceptions taken by the appellant, To this judgment of the Circuit court, a supersedeas was awarded by a judge of this court, on the petition of the said appellant, Mitchell; and that is the case we now have to decide.
In the said petition there are several assignments of error, which we will now proceed to consider in the order in which they are assigned. These errors, in the, words in which they are assigned, and our views in regard to each of them, are as follows :
1st. 4 ‘ The court erred in refusing to quash the order of the County court appointing viewers.”
The Code, ch. 52, § 6, directs viewers to be appointed “to view the ground and report to the court the conveniences and inconveniences that will result, as well to individuals as the public, if such road, &c., shall be as proposed; and especially whether any yard, gardeu, orchard, or any part thereof, will in such case have to be taken.”
The order in this case was, that the persons named as viewers, “being first duly sworn for that purpose, do view a proposed alteration of the Dry Spur road” (describing it,) and “ return to the court a report of such ■ view in the manner prescribed by law.”
It would have been more formal, and therefore better, to follow the termas of the law in the order. . But we think the order substantially and sufficiently conforms to the law. In directing the viewers “to return to the court a report of such view in the manner prescribed by law,” the terms of the law seem, in effect, to be embodied in the order.
“ 2d.' The cour,t' erred in refusing to quash the report of the viewers, and overruling appellant’s motion to do so.”
The duties of the viewers are prescribed in ch. 52, § 6 of the Code, providing -for their appointment as above *169 mentioned. The 7th section, which speaks only of “the' ■commissioner acting under the preceding or the 4th section,” may also be applied to viewers, so far as it is • properly applicable to them. It directs, among other things, that the commissioner “ shall particularly report the facts and circumstances in his opinion useful in enabling the court to determine the expediency of establishing or altering the road,” &c. “He shall report the names of the land owners on such route, and state which of them require compensation, the probable amount' thereof, and any other matter which he may deem pertinent. A map or diagram of such route shall be returned with his report.”
Two objections are made to the report of the viewers in this case : 1st, that it is not made on oath, although the order of court appointing'them expressly required it to be so made ; and 2dly, that it is defective in not stating all the circumstances connected with the alteration, “It simply says it will shorten the distance ; but whether the road will pass over a precipice, a swamp, or any thing else, it is altogether silent.”
As to the 1st objection, though the former law, 2 Rev. Co. of 1819, ch. 231, § 1, which -was in force when the present Code took effect, required the viewers to be sworn, the present law • does not. It is argued that the former law was not intended to be changed-in this respect, and that we must construe the present law as requiring the viewers to be sworn. We do not think so. There is not iu the new law a mere change of the phraseology of the old, or a mere omission of imma-„ terial words used in the old; but material wrnrds used in the old, are omitted iu the new law ; and we think a corresponding • change of intention is thus plainly indicated.' That the order appointing the viewers uses the words, “ being first duly sworn,” can make no difference if the law does not require them to be sworn. The order, no doubt, followed the form of -the old law. *170 As to the case of Fisher v. Smith, 5 Leigh, 611, cited by ^he counsel for the plaintiff' in error, it is sufficient, for the present, to say that it was decided under the old lawn As to the second objection, that the report does not state all the circumstauces connected with the alteration. It does not appear that there were any other, material to be stated, than those which are stated. It states that “the> proposed alteration will not pass through any yard, garden or orchard, and will be of great convenience to the public, especially in the west and southwest portion of this county, and will be of no inconvenience to any individual. The proposed road will pass through the lands of A. H. Mitchell, Esq., who objects to its location, and claims damages to the -amount of $300. One of the main conveniences to be derived from the proposed change is, the shortening of the distance from the point at which said change will start, to the intersection with the turnpike, which will be reduced to' about one-third of the distance that the public are now required to travel, as will- be seen by reference to the 'annexed diagram.” "We think the report sufficiently complies with the requisition of the law.
“ 3d. The court erred in overruling appellant’s motion to quash the writ of ad quod damnum, and the inquest of' the jury.”
The Code, ch. 52, §10, directs that “such writ shall command the sheriff to stimmon and impanel a jury of twelve freeholders of the vicinage, not related to either party, to meet on the lands of such proprietors or tenants .as may be named in the ord.er and writ, at a certain place and day therein also specified, of which notice shall be given,” &c.
The writ which was issued in this case, commanded the sheriff to summon and impanel twelve able and discreet freeholders of the vicinage, no ways related to either party, to meet at some certain place, on the ground through which the proposed alteration is intended to pass, *171 on the IBtla day of the present month, (the day named m the order awarding the writ), which freeholders, taking nothing, &c., shall he charged by you, impartially and to the best of their skill and judgment, to view the land through which the proposed alteration is to be conducted, and say to what damage it will be of to the said A. H. Mitchell, taking into estimation as well the use of the land to be laid open for said road, as the additional fencing which’ will thereby be rendered necessary, &c. This writ seems to pursue the form which w'as used under the old law, the draftsman not adverting to the change which had been made in the terms of that law by the present Code. It is- proper, of course, always to adhere as closely as possible to the terms of the existing law; though if its directions be substantially complied with, it will generally be sufficient. How here we observe, that the directions of the Code in regard to the form of the writ are very simple and few, and the writ issued in this casé fully complies with those directions. But it does something more, and directs the jury, in ascertaining the damage, to take “into estimation as well the use of the land to be laid open for said road as the additional fencing which will thereby be rendered necessary,” &c.
The inquest of the jury conforms to the writ in regard to “taking into estimation, as well the use of the land which will b.e laid open for said road, as the additional fencing which will thereby be rendered necessary,” and states that the “said freeholders, being so empannelled, sworn and charged in and upon the said lands through which the said alteration is proposed to be made, and having viewed the same, upon their oaths do say, ‘ that it will be of no damage to the said A. H. Mitchell, if the-said lands are taken as proposed.’ ”
• The next section, to wit: section 11 of chapter 56, prescribes the duty of the jury, and declares, among other things unnecessary to be mentioned, that “the jury, after being duly sworn by the sheriff, shall view *172 the lauds of the proprietors and tenants so named, and ascertain what will he a just compensation to each proprietor and tenant so named, for the land of his proposed to be taken, and for the damage to the residue of tract beyond the peculiar benefits which will be derived in respect to such residue, from the road. ”
blow, if a motion had been made by Mitchell in the County court to quash the writ of ad quod damnum and the inquest of the jury, for not directing or making any enquiry as to “damage to the residue of the tract beyond the peculiar benefits which will be derived in respect to such residue, from the road,” it would have been proper to have sustained that motion. But no such motion was made in that court; no doubt because there was no such damage, or rather because the said Mitchell was satisfied that the enquiry directed by the writ and made by the jury, which, conformed to the old law, was sufficiently extensive to embrace all the damage to which he w'as entitled ; and he went to trial upon the merits. Whereupon, sundry witnesses being sworn and examined, and the court having fully considered, as well the report of ■the viewers, and the inquest of the jury, as the other evidence adduced, the judgment was, that the proposed alteration of the road should be made and established as recommended by the viewers. And the said Mitchell, thinking himself aggrieved by the said judgment, took an appeal of right therefrom.
We hold that it ivas too late for the appellant to make a motion, for the first time, in the appellate court to quash the writ and inquest. • By not making it in the County court, but going to trial there without objection to the writ or inquest, he waived any such objection. And the same may be said in regard to his motions, made for the first time in the Circuit court, to quash the order appointing viewers, and to quash the report of the viewers, which subjects we have already considered. Besides the reasons before assigned for sustaining the *173 judgment of tlie Circuit court in those respects, the failure to make such motions in the County court was, in itself, a sufficient reason for that purpose.
It is true that when the law gives an appeal of right, the appeal is “ upon the facts as well as the law ; and viva voce testimony is heard in the Circuit court. 'In cases of this kind, the record of the County or Corporation court contains no statement of the.evidence ; and even though the whole should he set forth, the appellant may introduce evidence in the Circuit court which was not before the County or Corporation court. Hence arises the impossibility of determining upon a petition for a writ of error or supersedeas, whether there is error in fact in any. such case.” 1 Rob. Pr., old ed., p. 27.
But it is also true, as a general rule, that a party must make any objections he may have to make to any of the proceedings in such a case, in the court of original jurisdiction ; and if he permit such proceedings to progress to the final trial of the case, without making any such objections, he will be held to have waived them,- and will have no right to make them, for the first time, in the appellate court. There can be no necessity for such a right, as there is for his right to be heard de novo .on the merits of the case; and it would be productive of the greatest inconvenience and hardship to the adverse party, and be unreasonable in the last degree, to suffer him to waive these objections in the lower court, and take his chances there for a favorable decision, and, on being dissatisfied with the decision and appealing from it, to avail himself of such objections in the appellate court, and thus have the judgment reversed at the expense of his adversary. "Whereas, by making the objections at the proper time and in the proper court, the error, if any, could be corrected at once, and with little or no expense to the parties. The correctness of this view is self-evident, and is sustained by the cases cited by the counsel for the defendants in error. Bohn v. Sheppard, 4 Munf. *174 403; Lewis v. Washington, 5 Gratt. 265; Muire v. Falconer, 10 Ib. 12.
Indeed, the counsel on both sides seem to agree that, ’ to some extent, a party must make such objections in urt below, 'or will be held to have waived them, and not be allowed to make them, for the first time, in an appellate court. They only differ as to the extent to which the rule goes. The counsel for the'defendants in error contending that it goes only to the extent of allowing the appellate court, ex officio, to reverse a judgment on a ground not taken by the appellant in the court below, where the public is concerned, or where such uncertainty exists in the proceedings as to prevent the appellate court from rendering a correct final judgment in the case; while the counsel £or the plaintiff' in error contends that the rule goes to a greater extent; but to what precise extent he does not show, though he maintains that it goes far enough to embrace the grounds of objection taken by his client in this case, for the first time, in the appellate court. The cases he relies on to sustain his view are, Eppes v. Cralle, 1 Munf. 258; Kownslar v. Ward, Gilm. 127; and Fisher v. Smith, 5 Leigh, 611. These cases go no farther than to sustain the exception to the extent to which it is admitted to exist by the counsel for the defendants in error. "Without stating the cases, it is sufficient to say that they are unlike this case, and do not require us to decide that the objections made for the first time in the Circuit court, when they might just as well have been made in the County court,'and no reason existed for not making them there, were made in time. The genei’al rule before referred to, is well established, and applies to the case, unless it can be shown that it comes within some special exception thereto. It does not appear to come within any such exception. Whatever exception, if any, the cases relied upon may establish, it does iiot apply to this case.
*175 We therefore think the third assignment of error is not sustained. '
“ 4t'h. The r court erred in overruling appellant’s motion to set aside the verdict of the jury,-because the same was founded in mistake and misapprehension, and because oue of the jurors was a relation of the wife of the appellee Crockett.”
The answer to this objection is, that it might.and ought to have been made,-if made at all, in the County •court; but was not made there, and was made for the first time in the Circuit court. Several months elapsed between 'the return^of the inquest and the trial of. the case in the County court; during which period, the plaintiff in error had an ample opportunity of informing himself as to the facts ou which this _ motion was founded; aud it does not appear that he was not fully aware of them w'hen the verdict was rendered in the County court.
‘ ‘ 5th. The court erred in ruling appellant to begin, and .forcing upon him the necessity of proving a negative.”
This -is a practical question, and the court would be averse toa.interfering, if at all, with a judgment of an inferior court on that ground, at least, unless it plainly appeared that a party.was prejudiced thereby. The “ right to begin,” is generally esteemed a valuable right, especially iu the trial of questions of fact. The plaintiff in error in this case seems to have regarded it as a burden. "We think he had the right, or that it was his duty ■“ to begin,” the judgment of the County court which he complained of as erroneous, being prima facie right. At all events, we think there is no error in the judgment of the Circuit court in this respect, to the prejudice of the plaintiff in error.
“ 6th. The court erred in holding the inquest of the jury conclusive on the question of the damages ; and in excluding testimony offered by the appellant to prove the *176 damages he would sustain by the proposed alteration.. It was also error to hold that no question was before the court, or could be heard, but that of the convenience or-inconvenience of the alteration.”
The regular mode of objecting to the inquest of the-jury on account of the small amount of the damage assessed, is, no doubt, by a motion to quash fhe inquest; on which motion, of course, evidence will be heard to prove that the damage is insufficient ; and until it is shown to the satisfaction of the court to be insufficient, the inquest will be regarded as conclusive on the question of damages. But the objection, iustead of being made in that way, may be made when the court comes to determine, upon the report, inquest and other'- evidence, if. any, whether the road shall be established or altered as proposed. Section 13, of ch. 52, of the Code, expressly authorizes the court to hear other evidence; and that evidence maybe introduced by either of the contesting parties, and may relate to the adequacy or inadequacy of the damages. In fact, the subject of damages is generally the chief subject which then engages the attention of the court: for the question whether public convenience requires the establishment of the road or alteration proposed, is passed upon by the court in awarding a writ of ad quod, damnum on the report of the viewers ; although, on the return of the inquest under that writ, the question is again considered and finally determined, upon the report, inquest and other evidence, if any. And the amount of damage which the county will have to pay for the road, as compared with the public or private convenience thereof, is generally a material element in the formation of the 'judgment of the court on the question, whether, upon the whole case,. the road shall be established or not. The appellant then had a right to introduce evidence, on the final hearing of the case in the County court, to prove that he would sustain damage by the alteration of said road as proposed, *177 and the amount of such damage, for which he would he entitled to compensation according to law ; and if that court, upon such evidence, had been of opinion that such damage would in fact be sustained, it would have been the duty of that court to have determined upon the whole case, eithér that the road should not be established or altered as proposed, or that the writ of ad quod damnum and inquest of the jury should be set aside, and thé case be remanded to the County court, with directions to award another writ of ad quod damnum, and for further 'proceedings to be had therein.' Thus the introduction of evidence on the final hearing has, in some respects at least, the effect of a motion to quash the writ and inquest.
We are therefore of opinion that the Circuit court erred in not permitting to be answered, the question propounded by the appellant to a witness introduced by him, “what damage the appellant would sustain if the alteration of the road was established as proposedand in refusing to hear testimony on any other question in reference to establishing said alteration, than the ques tion of the convenience or inconvenience to the public as well as individuals of said alteration ; and in excluding all the testimony offered by the appellant to prove that he sustained damage by such proposed alteration, and in refusing to permit the appellant to prove that he sustained damage by said alteration.
We will therefore have to reverse the judgment of the Circuit court on that ground, and remand the cause to that court for a rehearing to be had thereon, on -which rehearing, the evidence offered by the appellant and refused or excluded by the said court, shall, if again offered by the appellant, be heard by the court. And if, on such rehearing, the said court shall be of opinion, upon the report, inquest and other evidence, that he would sustain damage by the alteration of the said road as propoposed, then the said court shall reverse the judgment of the County court, quash the said writ and inquest, and re *178 move the cause to the County court, in order that a new Wfit a^ l110^ damnum shall be awarded to the appellant,' aD<^ ^ur^ier proceedings had therein, unless the opinion of the said County court shall then be against establish-the proposed alteration of said road ; in which case the said court shall adjudge accordingly.
To prevent unnecessary expense and delay to the parties, and to avoid the danger of another appeal in this case, it may be proper for this court to express its opinion in regard to the legal principles which seem to apply to the assessment of damages in such a case. The law' provides that the jury shall view the lands of the proprietors so named (in the writ) and ascertain what will be a just compensation to each of them for the land of his proposed'to be taken, and for the damage to the residue of his tract, beyond the peculiar benefits which will be derived in respect to such residue from the road. Code, ch. 52, § 11. The proprietor is entitled to receive as compensation, at least the value of the land proposed to be taken for the road, or rather the value of the use of the land' for the road, which is generally equal to the full value of the laud. The freehold of the land, subj ect to the public easement of the road, i till remains in the proprietor, who is entitled to any minei als under it which may be taken from it without injuring the road or interfering with the use of it by the public. In addition to the value of the laud, or of the use of it, the proprietor is entitled to be compensated for the damage to the" residue of his tract beyond the peculiar benefits which will be derived in respect to such residue from the road. If the damage to the residue of the tract exceed the value of the peculiar benefits which will be derived in respect to such residue from the road, then the proprietor will be entitled to be compensated for such excess. But if the damage to the residue of the tract fall short of such peculiar benefits, then the deficiency is not to be charged to the proprietor, nor deducted from the amount to which he is *179 entitled on account of the land proposed to he taken for the road as aforesaid. And the peculiar benefits referred to in this law, are such as particularly and peculiarly affect the particular tract of land, a portion whereof is proposed to be taken for the public use, and not such benefits of a general nature as may be derived to the owner in common with the county at large. Jas. River & Kan. Co. v. Turner, 9 Leigh, 313.
In this case the jury in their inquest say, “that it will be of no damage to the said A. H. Mitchell if the said lands are taken as proposed.” The quantity of the land of Mitchell proposed to be taken for the road is said to be about three acres: whatever it.may be, the land would seem to be "of some value, however small that value may be ; and he is” entitled to be compensated for that value, if his land be taken for the public use. That no damage was allowed for it by the jury, cannot well be accounted for, except by supposing that they set off against the value of the land proposed to be taken for the road, the value of the peculiar benefits which they considered he would derive in respect to the residue of his tract, over and above any damage which might be done by the road, to such residue.
Of the two remaining assignments of error it is unnecessary to take any notice.
We are of opinion that in the respect, and for the ■reasons aforesaid, the said judgment of the Circuit court is erroneous, and ought to be reversed, and the cause remanded to the said court to be further proceeded in according to the principles above delared.
The judgment was as follows :
The court is of opinion for reasons stated in writing and filed with the record, that the said Circuit court erred in not permitting' the question propounded by the appellant to a witness introduced by him, “ whatdamage the appellant would sustain if the alteration of the road *180 was established as proposed;” and in refusing to hear testimoriy 0D any other question in reference -to establishing said alteration than the question of the convenience or inconvenience, to the public as well as individuals, of said alteration; and in excluding all the testimony offered by the appellant to prove that he sustained damage by such proposed alteration ; and in refusing to permit the appellant to prove that he sustained damage by said alteration.
Therefore, it is considered, that for the error aforesaid, the said judgment of the said Circuit court be reversed and annulled, and that the defendant in error pay to the plaintiff’ in error .his costs by him expended in the prosecution of his writ of supersedeas aforesaid here. And it is ordered that thé cause be remanded to the said Circuit court for a rehearing and further proceedings to be had therein ; on which rehearing, the evidence offered by the. appellant and refused or excluded by. the sai d. Circuit court on the former hearing, as stated in the certificate of said court, shall, if again offered by the plaintiff in error, be heard by the court. And if, on such rehearing, the said Circuit court shall be of opinion, upon the report, inquest,'and other evidence,, that the plaintiff in error will sustain any damage on account of the taking of. his- land proposed to he taken for the alteratkm of the road in the proceedings mentioned, or any damage to the residue of his tract beyond the peculiar benefits which will be derived in respect to such residue from the said alteration; then the said Circuit court shall reverse the judgment of the said County . court, quash the said inquest and the writ of ad quod damnum'on which it is founded, and remand the cause to the said- County court, in order that a new writ of ad quod damnmn shall be awarded to the plaintiff’ in error, and further proceedings be had therein, unless the opinion of the said C.ounty court shall then be against *181 establishing the proposed alteration of said road, in which case the said court shall adjudge accordingly.
Which is ordered to be certified to the said Circuit ■ court, together with a copy'of so much of the opinion of the court in this case which is “in regard to the legal principles which seem to apply to the assessment of damage in such a casebeing pages 16 and 17 of that opinion, except the first four lines at the top of page 16.
Judgment reversed.