Moncure, P.,
delivered the opinion of the court. '
This is a writ of error and supersedeas to a judgment of the circuit court of Bedford county, reversing a judgment of the county court of said county in a controversy concerning a roadway. The following is a statement of the case:
On the 28th day of February 1871, James Q-. Board •and fourteen others filed their petition in said county court for the establishment of a public road in said •county (which petition is copied in the record): and on the same day, on their motion, it was ordered “that Michael T. Mattox, road commissioner, do view the route proposed for said road, and make report thereof to court, together with all matters required by law.”
On the 25th day of July 1871, Thomas J. Thomasson, the road commissioner in the township of Chamblissburg, in which the proposed road was to run, he having qualified as such since the said order of February term was entered, made a report in pursuance of the said order (which report is also copied in the record). After setting out therein the route of the proposed road, and recommending that it be established accordingly, the . commissioner makes the following state *912 ment: “Clement L. Dickerson, Green B. Meador* John A. Watson, David S. Riniuger and J. G. Board no damages. A. M. Jeter does claim damages. And William A. Wingfield, one of the parties owning the Easey tract, being unable to attend, sent a note directing meto place the road on the best location* from which I infer that there is no claim for damages-on their part; and there is none as to the mill tract belonging to Meador, Wingfield and Kasey. The road is nearly two-and-a-ha-lf miles long, and runs through the lands of Mr. Jeter, a little more than one-half mile. I think fifty dollars would be a sufficient allowance to him for damages.” The commissioner then proceeds to assign his reasons for thinking that “the road is a great public necessity.” And he concludes his report by saying, that “ at the request of the landholders on the route it is recommended that the route from the mill to the Carter’s island road be immediately located, as there is no objection on that part, and it could thus be opened with the labor due on roads.”
On the same day on which the report was made, it was “ ordered that the road be established according to said report, from the mill of Meador, Wingfield and Kasey, to the Carter’s island road, and that a summons be awarded against A. M. Jeter, proprietor of the residue of the land through which said road is pro- - posed.”
On the 28th day of November 1871, the summons theretofore awarded against A. M. Jeter having been returned, on his motion it was ordered that a writ of ad quod damnum be awarded him in this case, to be executed by the sheriff of this county on the 16th day of December next.”
The writ was accordingly issued and executed; and *913 on the 18th day of December 1871 the sheriff returned the writ with the inquisition thereto annexed, from which it appears to have been found that the “ will be of the damage of ninety-six dollars and twenty-five cents to the said A. M. Jeter.”
The next order in the case was made on the 26th day of November 1872, when on the motion of the defendant, A. M. Jeter, the case was continued until the next term of the court, but at his costs.
On the 24th day of December 1872, for reasons appearing to the court, it was ordered that the case be continued until the next term.
On the 28th day of January 1873, an order was made in the case in these words: “This day came again the parties by their attorneys, and the.said defendant moved the court to quash the report of the road commissioner made on this petition, because he says the same does not report upon the matters and things required by law. On consideration of which motion the court doth quash the said report, and it is considered by the court that the defendant recover against the petitioners his costs by him about Ms defence in this behalf expended since the report of commissioner was returned. And on motion of said petitioners, it is ordered that the commissioner of roads in the township of Ohamblissburg, in this county, do-make another view of the route for road proposed by said petitioners, and report to court the Conveniences that will result as well to individuals as to the public,, in case said road is established as proposed, and especially whether any yard, garden, orchard, dr any part thereof will in such case have to be taken.
During the same term, and on the 7th day of February 1873, the petitioners moved the court to set. aside its said judgment against them and grant them a. *914 new hearing; which motion the court overruled. And on the motion of the petitioners, they were allowed an appeal from the said judgment upon their giving bond as required by law in the penalty of $100, with good security, conditioned according to law.
On the 6th day of May 1873, the appeal came on to be heard in the circuit court of said county, when the said court was “of opinion that the appellee after having appeared to the said motion, and moved for and obtained a writ of ad quod damnum, and after having obtained a continuance of the cause upon the return of the inquisition, had no right to make a motion to quash for any defect in the report or proceedings before that time; but by his appearance to make defence, and asking for a writ of ad quod damnum, and again appearing and asking for a continuance after the inquisition was returned, he waived his right of objection to the report of the view of the road, or to the proceedings had on the case for any defect therein up to that time; and moreover, if it had been proper to quash at all in that state of the proceedings, the report ought not to have been quashed as to that part of the road which had already been established by the consent of the landholders, through whose lands it passed, and therefore the county court erred in quashing the said report.” And therefore it was considered by the court that the said judgment of the county court be reversed and annulled, and that the appellants recover against the appellee their costs by them about their said appeal in that behalf expended. And the circuit court proceeding to render such judgment as the county court ought to have given, it was considered by the court that the said motion to quash the said report be overruled; and.by consent of the parties, and for reasons appearing to the court, it was “ ordered that the *915 •said cause be remanded to the said county court for further proceedings to be had therein in the case on the said inquisition; but this consent to remand the ■case to the county court is without prejudice to the right of either party to appeal from this decision if so advised.”
To the said judgment of the said circuit court the ■said A. M. Jeter applied to a judge of this court for a writ of error and supersedeas, which were accordingly awarded. And that is the case which this court has now to dispose of.
Three errors are assigned in the petition, which the ■court will consider in their order of assignment.
1. The first assignment of error is, that “ on the motion of the petitioners for the road, Michael T. Mat■tox, road commissioner, was ordered to view the route proposed and report to court. No other person was ■directed or had any authority from the court to make •such view or report. .Upon this order Thomas J. Thomasson undertook to act, and made the report in this case, so that there was really no report upon which the county court could base any proceedings.”
The court is of opinion that the judgment of the cir•cuit court is not erroneous in that respect. It seems that Mattox was road commissioner in Chamblissburg township, where the route of the proposed road is •situate, on the 28th of February 1871, when the order was made for the view of the route; and therefore he was directed to make the view and report. But he did not make them during his term of office, after the expiration of which, Thomas J. Thomasson, who was •elected and qualified as his successor, made the said view and report, which it was proper for him to do under the order which had already been made; and there was no necessity for a new order, or an amend *916 ment of the order, substituting his name for that of Mattox. The name of Mattox was inserted in the because he happened to be' road commissioner in the township when the order was made. Had his name not been mentioned, but the order had directed the road commissioner of the township to make the view and report, the meaning of the order would have been precisely the same—Mattox being then the road commissioner for that township. If the order had been in that form, it would not have been contended that it could only be executed by the road commissioner who happened to be in office at the date of the order, and not by one who came into office a month or two thereafter. The name of Mattox in the order was mere surplusage. He was named therein, not because of his peculiar fitness to perform the duty therein mentioned, but because he was road commissioner of the township. When he ceased to be such commissioner, he ceased to have power to perform the duty; and when Thomasson became his successor, it became proper for him to perform the duty as he did. But if the objection would ever have been a good one, it was not made at the proper time, and was waived by the appellant by applying for a writ of ad quod damnum, moving for a continuance of the ease, and contesting it on other grounds.
The cases cited by the counsel for the appellees fully sustain this view, viz: Carpenter & als. v. Sims, 3 Leigh 675; Lewis v. Washington, 5 Gratt. 265; and Mitchell v. Thorntons & als., 21 Gratt. 164.
2. The second assignment of error is, that “if the said Thomasson had the authority, the report made by him is fatally defective, and ought to have been' quashed. The act makes it the duty of the commissioner to report especially whether any yard, garden, *917 orchard, or any part thereof will be taken if the road is established. The report is wholly silent as to this, and is therefore fatally defective. The act further vides that a map or diagram of the route shall be returned with the report. No map or diagram was returned with the report made in this case. This is another defect. The county court therefore could not have done otherwise than quash the report; and the circuit court erred in reversing that judgment.”
The provisions of the law in regard to the matters referred to in that assignment of error are directory merely, and if any of them be not complied with, objection to the report on that ground must be made in due time, or it will be considered as having been waived. Id. In this case it was not made in due time, and was in effect waived. The report was returned on the 25th of July 1871, whereupon the appellant was ordered to be summoned to appear on the first day of the next term of the county court to show cause, if any he could, why the said road should not be opened as proposed. He was accordingly summoned, and appeared on the 28th day of November 1871. But he made no objection to the report. On the contrary a writ of ad quod damnum was, on his motion, awarded him in the case, which was duly executed and returned. And the controversy seems to have thenceforward proceeded solely on the matter of the inquisition, the case having been twice continued, and once on the motion of the appellant, until the 28th day of January 1873, when for the first time a motion was made by the appellant to quash the report, because, as he said, it did not report upon the matters and things required by law, and the report was accordingly quashed. No doubt the defects in the report now complained of by the appellant were unimportant to him, or he would *918 have made the objection on that ground in due time.. No part of his yard, garden or orchard may have been» any danger of being taken if the proposed road should be established. And the route of the proposed road may have been well defined and understood without the aid of a map or diagram. And therefore he may have made no objection on that ground, but moved at once for a writ of ad quod damnum.
3. The third and last assignment of error is, that “ the order of the county court from which the appeal was taken was interlocutory and not final. The appeal was therefore prematurely taken, and ought to have-been dismissed by the circuit court. See Trevillian v. Louisa Railroad Co., and Hancock v. Richmond & Petersburg Railroad Co., 3 Gratt., pp. 312, 313; and Bohn v. Sheppard, 4 Munf., p. 403.”
The court is of opinion that the judgment of the circuit court is not erroneous on that ground, for two reasons: 1st. because there may be an appeal of right from an interlocutory order of a county court in a controversy concerning a roadway; and 2dly, the order appealed from in this case was in fact final and not interlocutory in its character.
1st. There may be an appeal of right from such an order. Neither in the first, nor in the second section of chapter 178 of the Code, page 1136, is it required that the order in a controversy concerning a roadway shall be “ final,” in order that a person may appeal therefrom; but in each section a right of appeal is given to any person who thinks himself aggrieved by any order in such a controversy; while the word “final” is in the second section expressly applied “ to any civil case wherein there is a final judgment, decree or order,” which words could not have been intended to embrace the case of an appeal of right in a controversy con *919 eerning a roadway, and which had been expressly and separately mentioned and provided for in the previous part of the section.
There would seem to be no room for doubt in regard to the correctness of this construction, unless the eases referred to and relied on by the counsel for the appellant in the petition for a writ of error and supersedeas in this ease are to the contrary. The court is of opinion that those eases are not to the contrary. Two of them are— Trevilian v. Louisa Railroad Co., 3 Gratt. 312, and Hancock v. Richmond & Petersburg Railroad Co., Id. 313. The reporter’s marginal abstract of the decision in the former case would seem to indicate that the decision was as contended for by the appellant. That abstract is in these words: “ In controversies concerning roads, no appeal or supersedeas lies to an interlocutory order of the county court.” But if we consider that case in connection with the latter, which immediately follows it in the report, we can have no difficulty in seeing that they do not apply to this case. In the case of Hancock v. Richmond & Petersburg Railroad, Co., Baldwin, J., in delivering the opinion of the court (which he also did in the former case) said: “ The court is of opinion that the law authorizing appeals, as of right from orders of the county courts in controversies concerning roads, is applicable only to a controversy concerning the establishment of a road, and not to a collateral controversy concerning the damages occasioned by a road already established; and that in such collateral controversy the order of the county court can be revised by the circuit court only by means of a writ of supersedeas; and that where the order of the county court is not final, but interlocutory only, it cannot be revised by the circuit court in any mode of proceeding.” In neither of those cases was the con *920 troversy concerning the establishment of a road; but iu each of them there was a collateral controversy eoncerning the damages occasioned by a road already established. And therefore an appeal of right did not exist in either of them. The only mode of reversing the judgment in either case was by a supersedeas, and .that remedy did not exist in the then state of the case, because the judgment was not final. In the case under consideration, the controversy is concerning the establishment of a road, and the law authorizing appeals as of right unquestionably applies to it. The only other case relied on is that of Bohn v. Sheppard, 4 Munf. 403. In that case, it was held that an appeal from an order of court granting administration of an estate, being taken before the court has proceeded to direct bon'd and security to .be given, or to prescribe the amount of the bond, is premature, and ought to be dismissed, as improvidently allowed. The only question was, whether the order appealed from (considered either as interlocutory or final) was sufficiently perfected for an appeal at the time it was taken. But,
2dly, the order appealed from in this case was, in effect, final, and not interlocutory in its character. Certainly it was final as to all of the proposed road, except that part of it which was to run through the land of the appellant, for all of it except that part, in other words, about four-fifths of the whole proposed road was established by the order of the county court made on the 25th day of July 1871. And though the controversy was continued thereafter as to the residue of the proposed road, it was ended in the said court by a final order made in the proceeding at January term-1873, from which order the appeal to the circuit court was .taken. To be sure, an order for another view of the route of the road was at the same time made on *921 the motion of the petitioners, but that was a new proceeding, and did not affect the finality of the order which had ended the former proceeding.
The court is therefore of opinion that there is no error in the judgment of the circuit court, and that it •ought to be affirmed.
Judgment arrirmed.